IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRITTANY WORTHY §<br>§<br>On behalf of herself and all others §<br>similarly-situated §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>MFK, LLC, d.b.a MOBILELINK, §<br>MOBILELINK LLC, and MOBILELINK §<br>OHIO, LLC §<br>§<br>Defendants. § | CASE NO.<br><br>JUDGE<br><br><br><br>(Jury Demand Endorsed Herein) |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT.

Through a company-wide failure to include commissions in the calculation of the regular rate of pay, Defendants MFK, LLC, Mobilelink, LLC, and MobileLink Ohio, LLC systematically failed to pay Plaintiff Brittany Worthy and other similarly-situated employees the proper overtime rate. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of herself and all other similarly situated employees, Worthy bring this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). MFK, LLC d.b.a. Mobilelink, and Mobilelink, LLC are collectively referred to herein as "Mobilelink." Members of the collective action are referred to as the "FLSA Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Worthy's own conduct and the conduct and acts of others.

## PARTIES.

1. Worthy is an individual residing in Cleveland, Ohio. Worthy worked for Defendants at a Mobilelink retail location located in Ohio from August 1, 2022 through October 4, 2022. Worthy was employed by Defendants as a Retail Store Manager. At all times referenced

herein, Worthy was paid an hourly rate plus commissions at all pertinent times. Pursuant to 29 U.S.C. § 216(b), Worthy has consented to be a plaintiff in this action. *See* Ex. A.

2. The FLSA Collective Class Members are all current and former employees of Mobilelink who (1) worked at any Mobilelink Ohio, LLC retail store for any period of time during the three years immediately preceding the filing of this Complaint, (2) who were paid on an hourly basis, and (3) who worked 40 or more hours during any single week of their employment in which they were also paid commissions.

3. MFK, LLC is a Texas limited liability company and is headquartered at Mobilelink's corporate office at 12501 Reed Road, Sugarland, Texas. MFK, LLC operates approximately twenty retail locations in Ohio through its wholly owned subsidiary, Mobilelink Ohio, LLC. MFK, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

4. Mobilelink, LLC is an Illinois limited liability company and is headquartered at Mobilelink corporate office at 12501 Reed Road, Sugarland, Texas. Mobilelink, LLC can be served through its registered agent for service of process, InCorp Services, Inc., 901 S. 2nd Street, Suite 201, Springfield, Illinois, 62704.

5. Mobilelink Ohio, LLC is an Ohio limited liability company and is headquartered at Mobilelink corporate office at 12501 Reed Road, Sugarland, Texas. Mobilelink Ohio can be served through its statutory agent for service of process, InCorp Services, Inc., 9435 Waterstone Boulevard, Suite 140, Cincinnati, Ohio, 45249.

6. During all times relevant, Defendants acted as joint employers with respect to the hourly Sales Personnel who worked under the Mobilelink Ohio, LLC entity.

7. The unlawful acts alleged in this Complaint were committed by Defendants and/or their officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

8. During all times material to this Complaint, Defendants were Worthy and the FLSA Collective Class Members' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## PERSONAL JURISDICTION.

9. MFK, LLC is a Texas Corporation; hires citizens of the state of Texas, contracts with companies in Texas, owns or rents property in Texas, and maintains its principal place of business in Texas. As such, the exercise of personal jurisdiction over MFK, LLC comports with due process.

10. Mobilelink, LLC hires citizens of the state of Texas, contracts with companies in Texas, owns or rents property in Texas, and maintains its principal place of business in Texas. As such, the exercise of personal jurisdiction over MobileLink, LLC comports with due process.

11. Mobilelink Ohio, LLC hires citizens of the state of Texas, contracts with companies in Texas, owns or rents property in Texas, and maintains its principal place of business in Texas. As such, the exercise of personal jurisdiction over MobileLink Ohio, LLC comports with due process.

## SUBJECT MATTER JURISDICTION AND VENUE.

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in this District because Defendants do a sizeable portion of their business in this District and their principal place of business is located in this district.

## FLSA COVERAGE.

14. At all times referenced herein, Mobilelink and Mobilelink Ohio, LLC formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

15. At all times material to the Complaint, Worthy and those similarly-situated directly participated in the actual movement of things in interstate commerce as part of their regular job duties and were subject to individual coverage under the FLSA.

## FACTUAL ALLEGATIONS.

### Defendants Are Joint Employers.

16. Mobilelink was originally founded in Houston, Texas by Furqan Ken Khan, Salmen Khan and Yousuf Meghani. https://mobilelinkusa.com/.

17. Mobilelink operates nationwide and is the country's largest Cricket Wireless authorized-dealer, operating over 550 stores across the United States. https://mobilelinkusa.com/.

18. Mobilelink created various entities, such as Mobilelink Ohio, LLC, to operate local retail stores which generally employ Sales Personnel.

19. Defendant Mobilelink, and its local and regional retail stores, are in the business of selling Cricket Wireless cellular devices and service plans across the United States.

20. Defendant Mobilelink provides its local and regional retail stores, including the Mobilelink Retailers, with Mobilelink-branded and/or Mobilelink-branded materials, including uniforms, badges, scanning devices, point-of-sales equipment, signage, software, and other services.

21. Mobilelink relies on its local and regional retail stores, such as Mobilelink Ohio, LLC, for the essential services of selling wireless devices and service plans for Cricket Wireless, yet Mobilelink attempts to shield itself from liability by utilizing thinly capitalized companies, such as the Mobilelink Ohio, LLC, to provide the employees to sell the goods.

4

22. Mobilelink Ohio, LLC operates pursuant to Mobilelink's corporate policies and procedures, including the payroll policies and structure for Sales Personnel.

23. Mobilelink and Mobilelink Ohio, LLC are headquartered at a common location, 12501 Reed Road, Sugarland, Texas 77478.

24. Sales Personnel who are/were directly employed by Mobilelink Ohio, LLC are engaged to fulfill Mobilelink's nationwide corporate purpose of selling Cricket Wireless cellular devices and plans.

25. The association with of Mobilelink retailers with Mobilelink, and the employ of Sales Personnel by Mobilelink retailers like Mobilelink Ohio, LLC, are the very reason why Mobilelink proclaims it is "the largest authorized retailer for Cricket Wireless." https://mobilelinkusa.com/

26. Mobilelink and Mobilelink Ohio, LLC, utilize Sales Personnel, such as Worthy, to meet Mobilelink's nationwide retail needs.

27. Mobilelink Ohio, LLC has access to and is required to use Mobilelink's technology and retail structure.

28. While Mobilelink Ohio, LLC paid Worthy and the FLSA Collective Class Members, Mobilelink has both influence and control over how Sales Personnel are paid.

29. Mobilelink supervises and controls the work activities, work schedules, conditions and management of Sales Personnel, such as Worthy and the FLSA Collective Class Members.

30. Sales Personnel are required to undergo on-the-job training in order to ensure that they adhere and conform to Mobilelink's standards and policies.

31. Upon information and belief, Mobilelink employees have the authority to discipline Sales Personnel employed under Mobilelink Ohio, LLC for violations of Mobilelink's policies and procedures.

32. If a Solution Specialist, Retail Assistant Store Manager, Manager in Training, and Retail Store Manager fails to meet Mobilelink's expectations, they can be terminated by both Mobilelink and Mobilelink Retailer personnel.

33. Although Mobilelink does not directly pay Sales Personnel, its policies and practices regarding retail sales goals and commissions and other pay structures dictated the Mobilelink Retailers' ability to pay the Sales Personnel for overtime work.

34. Sales Personnel are/were required to use Mobilelink provided sales material and retail sales equipment. The retail sales equipment allowed Mobilelink to track sales by Sales Personnel.

35. Mobilelink controls what and how retail merchandise is presented to customers.

36. At all times referenced herein, Sales Personnel were required to comply with Mobilelink's operational procedures and in meeting Mobilelink's work expectations.

37. The nature of the work performed by Sales Personnel is similar and standardized at each of the retail locations where the Mobilelink Retailers conduct sales of cellular devices and plans, as the nature of the work is centrally controlled and directed by both Mobilelink Retailers and Mobilelink.

38. Worthy and other Sales Personnel were required to use Mobilelink's log-in credentials which tracked and calculated sales and other retail activity, which ultimately dictated the commissions earned by Sales Personnel.

39. Worthy and other Sales Personnel are provided with and must follow Mobilelink's Team Handbook which contains comprehensive workplace policies and procedures, payroll and time policies, employment classifications, attendance and leave policies, work performance guidelines, disciplinary process, health and safety, employee benefits and termination procedures, all of which are maintained and implemented by Mobilelink.

40. Defendants jointly created, implemented, maintained and enforced the payroll practice sued upon herein of failing to include Sales Personnel's commissions in the calculation the employees' regular hourly rates for purposes of overtime pay.

41. Worthy and the FLSA Collective Class Members were regularly scheduled to work more than forty (40) hours in a workweek.

42. Mobilelink and the Mobilelink Retailers maintain Worthy and FLSA Collective Class Members' employment records.

43. Mobilelink sets the hourly rates for Worthy and the Collective and Class Members and sets the criteria for commissions.

44. Defendants were all aware that Worthy and the FLSA Collective Class Members routinely worked more than forty (40) hours a week through Mobilelink software that tracked Sales Personnel's hours of work and by use of a third-party payroll provider that was used by all Defendants.

45. At all times referenced herein, Mobilelink has been affiliated with, and/or operated Mobilelink Ohio, LLC, with respect to Worthy and the FLSA Collective Class Members such that Mobilelink and Mobilelink Ohio, LLC are and/or were the "joint employers" of Worthy and the FLSA Collective Class Members.

**Defendants Violated The FLSA By Failing To Calculate The Overtime Rate Paid To Worthy and the FLSA Collective Class Members.**

46. Worthy and the FLSA Collective Class Members regularly worked more than forty (40) hours per week.

47. Worthy and the FLSA Collective Class Members were hired by Defendants as Sales Personnel to perform sales and other related duties inside Defendants' retail stores.

48. Worthy and the FLSA Collective Class Members were paid on an hourly basis at an hourly rate and also received a percentage of their sales as a commission.

49. The commission rates paid to Worthy and the FLSA Collective Class Members were predetermined by Mobilelink based upon a tiered percentage of sales and were non-discretionary on the part of Defendants.

50. The FLSA requires that Worthy and the FLSA Collective Class Members be paid overtime for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times *their regular rate of pay*, which includes commissions. However, Defendants instead based the overtime they paid Worthy and the FLSA Collective Class Members on their hourly rate.

51. By failing to include commissions in the calculation of overtime paid to Worthy and the FLSA Collective Class Members, Defendants deprived Worthy and the FLSA Collective Class Members of overtime pay to which they were entitled, in violation of 29 C.F.R. § 778.117.

52. Defendants' illegal pay scheme was a nationwide payroll practice, implemented and executed by Mobilelink.

### **Defendants' Violation Of The FLSA Was Willful And Not In Good Faith.**

53. Even though the FLSA requires the inclusion of all commissions in the calculation of an employee's regular rate of pay for overtime purposes, Defendants failed to include the commission earnings in the overtime rate paid to Worthy and the FLSA Collective Class Members.

54. Defendants knew or, absent their own recklessness, should have known, that Sales Personnel were entitled to overtime pay based on a regular rate of pay that included commissions.

55. Defendants have failed to pay Worthy and the FLSA Collective Class Members all overtime compensation owed because of Defendants' systemic corporate pay structure.

56. Whether or not commissions are required to be included in the calculation of overtime is neither a novel concept nor controversial, and there is no Department of Labor publication

or opinion, or a decision from any court, that would allow for an employer to exclude commissions from the calculation of overtime.

57. Defendants knew their conduct was illegal because they and/or other Mobilelink LLC's have been sued multiple times for engaging in the exact same unlawful practices that are at issue in this case. See *Moderson et al v. MFK Mobilelink Wisconsin LLC et al*, E.D. Wisc., Case No. 2:21-cv-00504 (failure to include commissions and other non-discretionary pay in the calculation of overtime); *Scott et al v. Mobilelink Louisiana, LLC*, M.D., Louisiana, No. 2:21cv00504 (same); *Alvarez et al v. MFK, LLC et al*, S.D. Tex., Case No. 4:21cv02058 (same).

58. Worthy was hired by Defendants in 2022, well after *Moderso*n, *Scott*, and *Alvarez* had been filed. Despite being sued multiple times in the past for failing to include commissions and other non-discretionary pay in the overtime rate paid to Sales Personnel, Defendants continued to willfully and knowingly maintain this practice and deprived Worthy and the FLSA Collective Class Members of overtime pay.

59. Defendants are unwilling to change and will continue to violate the FLSA without judicial intervention.

60. MobileLink's repeated violations of the FLSA evidence that the violations of the FLSA alleged herein were willful, reckless, and committed by MobileLink without a good faith belief that its conduct complied with the overtime requirements of the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**.

61. Worthy incorporates by reference each of the allegations in the preceding paragraphs.

62. At all times referenced herein, MobileLink employed non-exempt employees who were paid on an hourly basis and whom received commissions.

63. As evidenced by *Moderso*n, *Scott*, and *Alvarez,* MobileLink's practice of not including commissions in the calculation of overtime was not limited to Worthy and effected all members of the putative FLSA Collective Class similarly.

64. Worthy brings this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following FLSA Collective:

    All current and former hourly Solution Specialists, Retail Assistant Store Managers, Managers in Training, and Retail Store Managers employed by Mobilelink in Ohio, or who worked under the entity "Mobilelink Ohio, LLC" in any other state, who worked in excess of forty (40) hours in a workweek within the last three (3) years, and whose commissions were not included in calculating their regular hourly rate for purposes of overtime pay.

65. Collective Action treatment of Worthy's FLSA claim is appropriate because Worthy and the FLSA Collective Class Members have been subjected to the same company-wide, common business practice referenced in Paragraphs 46-52 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether MobileLink's company-wide practices failed to properly compensate the FLSA Collective Class Members for all overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

66. Worthy re-alleges and incorporates by reference each of the allegations in the preceding paragraphs.

67. The FLSA requires each covered employer, such as MobileLink, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

68. Worthy and the FLSA Collective Class Members were not exempt from the right to receive overtime pay under the FLSA during their employment with MobileLink.

69. Worthy and the FLSA Collective Class Members are entitled to be paid overtime compensation for all overtime hours worked.

70. At all times relevant to this Complaint, MobileLink had a policy and practice of failing to pay the proper overtime rate to its hourly employees by excluding commission payments from the calculation of the regular rate of pay and corresponding overtime rate.

71. MobileLink either recklessly failed to investigate whether its failure to pay Worthy and the FLSA Collective Class Members the proper overtime rate violated the Federal Wage Laws of the United States and/or knowingly concocted a scheme pursuant to which it deprived Worthy and the FLSA Collective Class Members of the overtime pay they earned.

72. MobileLink's failure and refusal to pay Worthy and the FLSA Collective Class Members the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

73. Worthy and the FLSA Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Worthy requests judgment in their favor against Defendants, containing the following relief:

(a) Designating this action as a collective action on behalf of Worthy and the Collective she seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to FLSA Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designating Worthy as a representative for both the FLSA Collective;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Worthy and the FLSA Collective Class Members unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

        Respectfully submitted,

        THE SPITZ LAW FIRM, LLC

        /s/ Chris P. Wido
        Chris P. Wido
        Chris.Wido@spitzlawfirm.com
        S.D.TX No. 3810194
        Ohio State Bar No. 0090441
        25825 Science Park Drive, Suite 200
        Beachwood, OH 44122
        Phone: (216) 291-4744
        Facsimile: (216) 291-5744

        *Attorney for Plaintiff Brittany Worthy*

## JURY DEMAND

Plaintiff Brittany Worthy demands a trial by jury by the maximum number of jurors permitted.

        */s/Chris P. Wido*
        Chris P. Wido (0090441)
        THE SPITZ LAW FIRM, LLC